## 12818. DAVIS, agent, *v.* PEARLMAN.

STEPHENS, J. 1. Where a bill of lading in an interstate shipment stipulates that the carrier shall be liable only as a warehouseman for goods not removed within a specified time after arrival at destination, and where the goods are admittedly destroyed by fire after the expiration of the time specified, the burden is on the plaintiff to prove that the defendant was negligent. *Central of Georgia Ry.* v. *Owens*, 28 *Ga. App.* 140 (110 S. E. 339), and cases there cited.

2. Where in an interstate shipment the bill of lading provided that "property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept . . subject . . to carrier's responsibility as warehouseman only," it was error, in a suit by the consignee against the carrier to recover the value of goods destroyed by fire while in the custody of the railroad after the expiration of the time specified, for the court to charge that the carrier's status as a carrier would not change to that of a warehouseman until after the lapse of a "reasonable time" after such notice was given or received. See in this connection Michigan &c. Ry. *v.* Owen, 256 U. S. 427 (41 Sup. Ct. 554). *Judgment reversed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Action for damages; from city court of Americus — Judge Harper. August 12, 1921.

*W. W. Dykes,* for plaintiff in error. *W. T. Lane & Son,* contra.

---

## 12913, 12963. IZLAR *v.* WESTERN UNION TELEGRAPH COMPANY; and *vice versa.*

STEPHENS, J. This being a suit to recover unliquidated damages for delay in the delivery of telegrams addressed to the plaintiff, and a verdict for the plaintiff in a certain amount not being demanded as a matter of law, the judgment sustaining a certiorari brought by the defendant, and remanding the case to the municipal court of Macon for a new trial, being the first grant of a new trial, will not, under the well-established rule, be disturbed.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Certiorari; from Bibb superior court — Judge Mathews. August 13, 1921.

*E. W. Butler, E. W. Maynard,* for plaintiff.

*J. H. Hall, Dorsey, Brewster, Howell & Heyman,* for defendant.